(December 12, 1899.)

## DUNBAR v. CANYON COUNTY.

[59 Pac. 536.]

CONSTITUTIONAL LAW.—The appointment of a deputy under the provisions of section 6, article 18 of the constitution of Idaho is not the creation of an office.

SAME—APPOINTMENT OF DEPUTY CLERK NOT A CREATION OF AN OFFICE.—When the record shows that upon application by the clerk of the district court, who is ex-officio county recorder and auditor the board of county commissioners, after hearing of evidence in support of such application, found and determined that a necessity for such appointment existed, and thereupon authorized and empowered said officer to appoint such deputy and fixed his salary, and where it further appears that the fees and commissions of said office exceeded the maximum salary of such officer and that of the deputy authorized by the board of commissioners, it is the duty of said board of commissioners to audit and allow the claim for such salary of the deputy, and upon their refusal to do so, an action against the county for the amount of said deputy's salary will lie.

(Syllabus by the court.)

APPEAL from Distr' t Court, Canyon County.

S. H. Hays, Attorney General, and Frank J. Smith, for Appellant.

There is no law creating or recognizing the office of deputy clerk and *ex-officio* auditor and recorder, as one of the offices of a county in this state. In section 6, article 18 of the constitution, after enumerating the various county offices, there appears the following: "No other county offices shall be established." It follows, as a matter of course, that there shall be no county officers, except those chosen to fill the offices as provided by the constitution. In order to recover under the complaint filed in this action, it would be necessary to show that the office of deputy clerk and *ex-officio* auditor and recorder was a county office, created by the board of county commissioners, and fixing the compensation, which is expressly prohibited by the constitution in the section above quoted. (*Meller v. Board of Commrs.,* 4 Idaho, 44, 35 Pac. 712.) The board of county commissioners might find for various reasons that the necessity existed for the appointment of a deputy in a certain office, still the county would not be liable for the services of such deputy. (*Woodward v. Board of Commrs.,* 5 Idaho, 524, 51 Pac. 143.) There is nothing in the constitution or the laws of the state of Idaho that makes the salary of a deputy in the clerk's office, appointed under the authorization of the board of county commissioners, a legal charge upon the county. (*Eakin v. Nez Perces County,* 4 Idaho, 131, 36 Pac. 702; *Ada County v. Ryals,* 4 Idaho, 365, 39 Pac. 556; *Campbell v. Board of Commrs.,* 5 Idaho, 53, 46 Pac. 1022.)

John C. Rice, for Respondent, cites no authorities upon the point decided not found in appellant's brief.

HUSTON, C. J.—The plaintiff (respondent here) was clerk of the district court and *ex-officio* auditor and recorder of Canyon county. As such auditor and recorder he was, by law, the clerk of the board of commissioners of said county. It will be seen that here are three positions, separate and distinct from each other, in so far as the duties pertaining to each. On or

about the thirteenth day of January, 1897, the plaintiff, who
was then in office, applied to the board of county commissioners
of said Canyon county, "praying for power to appoint a deputy
for his office." At the January, 1897, meeting of said board,
said application was heard, and evidence introduced in support
thereof. The said board duly considered the evidence offered,
and on the eighteenth day of January, 1897, found and deter-
mined that a necessity existed for the appointment of a deputy
in said office, and made an order authorizing and empowering
plaintiff to appoint a deputy, and fixed his salary at seventy-five
dollars per month. Thereafter, on or about the nineteenth day
of January, 1897, in pursuance of said order, plaintiff appointed
a deputy for his said office. On the thirteenth day of October,
1898, plaintiff presented to said board of commissioners an ac-
count for the salary of said deputy, amounting to $900, which
account was disallowed by said board. Plaintiff brings this ac-
tion against said Canyon county to recover the said sum of $900.
To the complaint of plaintiff a general demurrer was inter-
posed, which was overruled by the district court. Defendant an-
swered, denying, *inter alia,* that "said board of county commis-
sioners found and determined that a necessity existed for the ap-
pointment of a deputy in plaintiff's said office"; and this seems
to be the only issue raised by appellant on this appeal. The
cause was tried by the court without a jury. After the intro-
duction of plaintiff's testimony, defendant moved for a non-
suit, which motion was overruled by the court, "and, the defend-
ant declining to put in any evidence, judgment was rendered
for plaintiff," and from such judgment this appeal is taken.

Appellant enumerates two errors upon which it relies for a
reversal of the judgment of the district court: 1. The court
erred in overruling defendant's demurrer to complaint of plain-
tiff; 2. The court erred in overruling defendant's motion for a
nonsuit. In support of the first contention of appellant it is
urged that the complaint nowhere alleged that the services of
said deputy were rendered for or on behalf of, or for the use
and benefit of, Canyon county. This contention is not main-
tainable. The appointment of a deputy is not the creation of an
office. Section 6, article 18, of the constitution of Idaho

authorizes the county commissioners to empower the "auditor and recorder and clerk of the district court" to appoint such deputies and clerical assistance as the business of their office may require. The authorization of the appointment of a deputy by the board of commissioners is not an infraction of the provision of said section of the constitution, which provides that "no other county officers shall be established" than those enumerated in said section. This conclusion is inevitable when the whole section is read. This case does not come within the rule laid down by the court in the case of *Taylor v. Canyon Co.*, ante, p. 466, 76 Pac. 168. In that case this court held that, "before the county commissioners can legally empower the sheriff to appoint a deputy under the provisions of section 6, article 18, of the constitution, they must find that the business of such sheriff's office requires the appointment of a deputy." That case, like the present, was decided upon a demurrer to the complaint. In the case of *Taylor v. Canyon Co.*, *supra*, the complaint did not state that the board of county commissioners "had found and determined that a necessity existed for the appointment of a deputy." In the case at bar it is alleged (and by demurrer admitted) that the board did find and determine that a necessity for the appointment of a deputy existed, and therefore authorized such appointment.

It is further alleged in the complaint that the fees and commissions of said office for said year 1897, amounted to the sum of $4,048.15, an excess of $148.15 over the maximum salary of the officer and salary of his deputy as fixed by the board of commissioners. No burden was imposed upon the county by the payment of the salary of the deputy. The intention of the constitutional provision that these officers should, in so far as was practicable, be made self-sustaining, was not impinged upon or impaired. Judgment of the district court is affirmed, with costs to respondent.

Quarles and Sullivan, JJ., concur.